UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------x
MICKEY CASS,

                    Plaintiff,                            **MEMORANDUM AND ORDER**
                                                            20-CV-6071 (KAM)

         -against-

UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF NEW YORK; HON.
WILLIAM F. KUNTZ, II; HON. ROBERT
M. LEVY; NEW YORK STATE SUPREME
COURT, COUNTY OF KINGS; HON. SHAREN
D. HUDSON; NEW YORK STATE SUPREME
COURT, APPELLATE DIVISION SECOND
DEPARTMENT; CHERYLE E. CHAMBERS;
KINGS COUNTY DISTRICT ATTORNEY'S
OFFICE; CHARLES J. HYNES; ERIC
GONZALEZ;ANNA SIGGA NICOLZZI;
JOHN GIANATTI, JR.; JOYCE SLEVIN;
LEONARD JOBLOVE; VINCENT HARRIS;
GERRARD BAKER; CAREY YU; JOHN
S. STELLA; NEW YORK CITY POLICE
DEPARTMENT 70TH PRECINCT; FRANK
BYRNE; CHRISS THOMPKINSON; ROBERT
SOMMERS; C. PLATT; NYS DEPARTMENT
OF CORRECTION AND COMMUNITY
SUPERVISION ("DOCCS"); ANTHONY
ANNUCCI; KEVIN P. BRUEN; JONATHON
LIPPMAN; STEVEN VAISELBERG; HELENA
JASSEN; JOHN FIMA,

                    Defendants.[1]
----------------------------------x

---

[1]    The Clerk of Court is respectfully requested to amend the docket and case caption as noted herein.

KIYO A. MATSUMOTO, United States District Judge:

Plaintiff Mickey Cass, an inmate currently confined at the Green Haven Correctional Facility, in Stormville, New York, filed the instant *pro se* complaint in the United States District Court for the Western District of New York (the "WDNY") and alleges violations of his civil rights during his criminal prosecution and subsequent incarceration and seeks injunctive relief and monetary damages. (*See* Case No. 20-cv-6661.) By Memorandum and Order dated November 24, 2020, the WDNY granted Plaintiff's request to proceed *in forma pauperis* ("IFP") and severed and transferred the claims against the following defendants to the Eastern District of New York: the United States District Court, Eastern District of New York; Hon. William F. Kuntz, II; Hon. Robert M. Levy; New York State Supreme Court, County of Kings; Hon. Sharen D. Hudson; New York State Supreme Court, Appellate Division Second Department; Hon. Cheryle E. Chambers; Kings County District Attorney's Office; Charles J. Hynes; Eric Gonzalez; Anna Sigga Nicolzzi; John Gianatti, Jr.; Joyce Slevin; Leonard Joblove; Vincent Harris; Gerrard Baker; Carey Yu; John S. Stella; New York City Police Department 70th Precinct; Frank Byrne; Chriss Thompkinson; Robert Sommers; C. Platt; NYS Department of Correction and Community Supervision ("DOCCS"); Anthony Annucci; Kevin P.

Bruen; Jonathon Lippman; Steven Vaiselberg; Helena Jassen; and John Fima.  (*See* Case No. 20-cv-6661, ECF No. 9.)  For the reasons set forth below, Plaintiff's request for injunctive relief is denied and the action is dismissed for failure to state a claim upon which relief may be granted.

**BACKGROUND**

The following facts are drawn from Plaintiff's pleading, the allegations of which are assumed to be true for purposes of this Memorandum and Order.  The Court notes that Plaintiff's pleading is voluminous at 131 pages with an additional 694 pages of exhibits.  Plaintiff's allegations pertain to alleged misconduct during the investigation, criminal prosecution, and post-conviction proceedings related to his murder conviction in Kings County, New York in the mid-2000s. (*See generally* ECF No. 1 Complaint ("Compl.").)  After the September 25, 2003 death of Victor Dombrova in Brooklyn, New York, police officers arrested Plaintiff in Miami, Florida on October 3, 2003.  (See ECF No. 1-1, Appendix of Exhibits at 15-16, 21, 23-24; ECF No. 1-3 at 18, 23, 25.)[2]

On October 26, 2004, Plaintiff was convicted of Murder in the Second Degree and sentence was imposed.  *People v. Cass*,

---

[2]     The pagination used herein refers to the PDF page number presented in the ECF stamp at the top of each document.

914 N.Y.S.2d 176, 177 (N.Y. App. Div. 2d Dep't 2010), *aff'd*, 965 N.E.2d 918 (N.Y. 2012).  Plaintiff is currently incarcerated pursuant to said conviction and is serving a sentence of twenty-five years to life.  On August 14, 2020, the Honorable Judge William F. Kuntz denied Plaintiff's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  *See Cass v. Chappius*, No. 15-CV-3261 (WFK), ECF No. 70.

Plaintiff alleges that the New York City Police failed to secure an arrest warrant before "kidnap[ping]" him from Miami, Florida in October 2003.  (Compl. at 34.)  Once he was returned to New York, Plaintiff alleges that he was not afforded assistance of counsel nor advised of the charges which were pending against him.  (*Id.* at 41.)  Plaintiff next alleges a vast conspiracy between Judicial Defendants, police officers and District Attorney Defendants to deprive him of his right to a fair disposition in his criminal action.  Plaintiff asserts that the Kings County District and Assistant District Attorneys Hynes, Nicolazzi, Gianatti Jr., Platt, Thompkinson, and Byrne conspired to "coerce 'False Eye-Witness Accounts'" and knowingly filed false statements.  (*Id.* at 113-14.)  Next, Plaintiff alleges that several Judges "conspired" with the District Attorney Defendants "to perpetrate a Fraud" upon the government.  (*Id.* at 117.)  Plaintiff also appears to allege that the New York State

4

Department of Corrections and Community Supervision ("DOC.CS")
conspired with the District Attorney defendants "to bring about
the sentient -- and physical -- death of Plaintiff."  (*Id.* at
120.)  Plaintiff seeks to be placed in the witness protection
program and monetary damages.  (*Id.* at 124-26.)

### STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim
to relief that is plausible on its face." *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d
Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
Although all allegations contained in the complaint are assumed
to be true, this tenet is "inapplicable to legal conclusions."
*Iqbal* 556 U.S. at 678.  It is axiomatic that *pro se* complaints
are held to less stringent standards than pleadings drafted by
attorneys and the Court is required to read the plaintiff's *pro
se* complaint liberally and interpret it as raising the strongest
arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89 (2007);
*Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed
Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

In addition to requiring sufficient factual matter to state a plausible claim to relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). Plaintiff must provide facts sufficient to allow each Defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell,* 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))).

Nonetheless, under 28 U.S.C. § 1915A, a district court "shall review, before Docketing, if feasible or, in any event, as soon as practicable after Docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28

U.S.C. § 1915A.  Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999).  Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I.  Plaintiff's RICO Claims

Plaintiff alleges that Defendants violated his constitutional rights and engaged in a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) 18 U.S.C. §§ 1961, *et seq.* (*See* Compl. at 111-13.)  To establish a violation of the RICO statute, 18 U.S.C. § 1962(c), a plaintiff must show "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'"

*DeFalco v. Bernas*, 244 F.3d 286, 305-06 (2d Cir. 2001) (quoting
*Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) and
citing *Cofacredit, S.A. v. Windsor Plumbing Supply Co. Inc.*, 187
F.3d 229, 242 (2d Cir. 1999); *Azrielli v. Cohen Law Offices*, 21
F.3d 512, 520 (2d Cir. 1994)).  These elements must be
established as to each individual defendant.  *Id.* (citing *United
States v. Persico*, 832 F.2d 705, 714 (2d Cir. 1987) ("The focus
of section 1962(c) is on the individual patterns of racketeering
engaged in by a defendant, rather than the collective activities
of the members of the enterprise, which are proscribed by section
1962(d)."))

    The terms "enterprise," "racketeering activity," and
"pattern of racketeering activity" are defined in 18 U.S.C. §
1961.  A RICO enterprise "includes any individual, partnership,
corporation, association, or other legal entity, and any union or
group of individuals associated in fact although not a legal
entity."  18 U.S.C. § 1961(4).  "Racketeering activity" is
broadly defined to encompass a variety of state and federal
offenses including, *inter alia*, murder, kidnaping, gambling,
arson, robbery, bribery and extortion.  *See* 18 U.S.C. § 1961(1).

    "To establish a RICO conspiracy, a plaintiff must plead
that a defendant agreed to participate in the affairs of the
enterprise through a pattern of racketeering activity."  *N.Y.*

*Dist. Council of Carpenters Pension Fund v. Forde*, 939 F. Supp.
2d 268, 282 (S.D.N.Y. 2013).  "In doing so, a defendant need not
agree specifically to commit at least two predicate acts;
instead, a defendant may violate § 1962(d) if he or she
'commit[s] at least two acts of racketeering activity' and 'knew
about and agreed to facilitate the scheme.' " *Angermeir v. Cohen*,
14 F. Supp. 3d 134, 154 (S.D.N.Y. 2014) (citing *Salinas v. United
States*, 522 U.S. 52, 66 (1997)).  A plaintiff must allege facts
that would demonstrate such an agreement.  *See Hecht v. Commerce
Clearing House, Inc.*, 897 F.2d 21, 25 (2d Cir. 1990).

Here, Plaintiff attempts to argue that the Defendants
acted as an enterprise in furtherance of a conspiracy to commit
fraud and obstruct justice.  (Compl. at 113.)  The complaint,
however, is devoid of any plausible, credible factual allegations
of conspiracies or agreements to act.  Consequently, Plaintiff's
RICO claims are dismissed.  *See* 28 U.S.C. § 1915A(b).

In any event, even if plaintiff had alleged facts
alleging a conspiracy to obstruct justice, the statute of
limitations governing civil RICO claims is four years.  The
Second Circuit applies a "discovery accrual rule" to determine
when the limitation period starts to run.  *Cohen v. S.A.C.
Trading Corp.,* 711 F.3d 353, 361 (2d Cir. 2013); *see also Rotella
v. Wood,* 528 U.S. 549, 552 (2000).  Plaintiff fails to allege any

credible facts sufficient to show that he discovered the alleged conspiracy to obstruct justice or commit fraud within the past four years.  Thus, his RICO claim is untimely.

## II.  Plaintiff's Civil Rights Claims

Because Plaintiff alleges that his constitutional rights were violated by employees of both the federal and state governments, the Court liberally construes Plaintiff's complaint as asserting claims under Section 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Iqbal*, 556 U.S. at 675 (2009) (noting that *Bivens* is the federal analog to suits brought against state officials under § 1983).

### A. Plaintiff's Claims Against the Judicial Defendants

Plaintiff alleges that U.S. District Judge William F. Kuntz, II and Magistrate Judge Robert M. Levy unlawfully limited the scope of discovery in his 28 U.S.C. § 2254 action.  (Compl. at 49-56, 62-67.)  He further asserts that Judge Cheryle E. Chambers of the New York Supreme Court, Appellate Division, Second Department, denied him leave to appeal the denial of his N.Y. CPL § 440 motion and that Judge Sharen D. Hudson of the Kings County Criminal Court denied his request for an extension of time.  (*Id.* at 75, 108.)

It is well-settled that judges have absolute immunity for acts performed in their judicial capacities.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (upholding applicability of judicial immunity in section 1983 actions); *Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) (summary order) ("Judges acting in their judicial capacity are absolutely immune from suit, even where the plaintiff asserts constitutional violations under § 1983." (citing *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016) (summary order); *Hale v. Dearie*, No. 19-cv-1257, 2019 WL 1517087, at *3 (E.D.N.Y. Apr. 8, 2019).  "[J]udicial immunity is not overcome by allegations of bad faith or malice," and a judge cannot "be deprived of immunity because the action [the judge] took was in error . . . or was in excess of [the judge's] authority."  *Mireles*, 502 U.S. at 11–13 (citations and internal quotation marks omitted) (second alteration in original); Immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction."  *Id.* at 12; *Pelczar v. Kelly*, No. 18-cv-6855, 2018 WL 6575457, at *2 (E.D.N.Y. Dec. 13, 2018), *reconsideration denied*, No. 18-cv-6855, 2019 WL 2304651 (E.D.N.Y. May 29, 2019).

Here, Plaintiff's allegations against the Judges stem from Plaintiff's dissatisfaction with the outcomes of his criminal proceeding and subsequent § 2254 petition.  Plaintiff fails to allege any facts to suggest that the actions taken by the Judges were not taken within their judicial capacity or that the Judges acted in excess of their jurisdiction.  Accordingly, Plaintiff's claims against Judges William F. Kuntz, II, Robert M. Levy, Cheryle E. Chambers, Jonathan Lippman, and Sharen D. Hudson are dismissed for failure to state a claim upon which relief may be granted and because he seeks damages from Defendants who are immune.  *See* 28 U.S.C. § 1915A(b); *see, e.g.*, *Wingate v. Grasso*, No. 11-cv-0357 (ARR), 2011 WL 835813, at *1 (E.D.N.Y. Mar. 1, 2011) (dismissing claims against judges due to absolute immunity); *Rodriguez v. Trager*, No. 10-cv-0781 (ARR) (LB), 2010 WL 889545, at *2 (E.D.N.Y. Mar. 8, 2010) (same).  Plaintiff's claims against Judges William F. Kuntz, II, Robert M. Levy, Cheryle E. Chambers, Jonathan Lippman, and Sharen D. Hudson are also frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'").

**B. Plaintiff's Claims Against the NYC Police Department**

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17 § 396. The New York City Police Department is an agency of the City of New York that lacks an independent legal existence and is not a suable entity. *See, e.g.*, *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (New York City Police Department is not a suable entity); *Mehmeti v. Brown*, No. 20-cv-1493, 2020 WL 4350248, at *2 (E.D.N.Y. July 29, 2020) (dismissing plaintiff's claim "against the NYPD because it is not a suable entity"). In this case, Plaintiff alleges no plausible claims against the New York City Police Department and, therefore, his claims are dismissed for failure to state a claim. *See* 28 U.S.C. § 1915A(b).

**C. Plaintiff's Claims Against the United States District Court and State Supreme Courts**

Plaintiff's claims against the United States District Court-EDNY and New York State Supreme Court similarly fail to state a claim for relief. First, because the United States has not waived immunity for Plaintiff's claims, "sovereign immunity shields the Federal Government . . . from suit." *See F.D.I.C. v.*

*Meyer,* 510 U.S. 471, 475 (1994).  Next "as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).  New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting § 1983.  *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).  Because the New York Supreme Court, is part of the New York State Unified Court System, *see* N.Y. Const., Art. 6, § 1(a), the Eleventh Amendment bars Plaintiff's claims against the state court from proceeding in federal court.  *See Gollomp*, 568 F.3d at 368 (holding that the New York State Unified Court System "is unquestionably an 'arm of the State,' and is entitled to Eleventh Amendment sovereign immunity."); *Murray v. Guzman*, No. 19-cv-1959, 2019 WL 1745744, at *3 (S.D.N.Y. Apr. 17, 2019).  Accordingly, Plaintiff's claims against the United States District Court for the Eastern District of New York, the New York State Supreme Court, and the Appellate Division-Second Department are dismissed.  *See* 28 U.S.C. § 1915A(b).

**D. Plaintiff's Claims Against DOCCS, Anthony Annucci, and Kevin P Bruen**

Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 against DOCCS are barred by Eleventh Amendment immunity. DOCCS, as an arm of the State of New York, enjoys Eleventh Amendment immunity from suit under § 1983. *See Madison v. New York State Dep't of Corrs.*, No. 19-cv-3401, 2019 WL 4933594, at *1-2 (S.D.N.Y. Oct. 4, 2019) ("DOCCS, as an arm of the state, stands in the same position as the State of New York."). Accordingly, to the extent that Plaintiff seeks to bring suit against Anthony Annucci as Acting Commissioner of DOCCS and Kevin P. Bruen as Deputy Commissioner and Counsel for DOCCS, his claim fails as DOCCS officials enjoy Eleventh Amendment immunity from suit under § 1983 for damages in their official capacities. *See Marshall v. Lilley*, No. 19-cv-11829, 2020 WL 905989, at *6 (S.D.N.Y. Feb. 21, 2020) ("the Eleventh Amendment bars any official-capacity claim for damages under § 1983 against these defendants, who are all DOCCS employees and thus state agents"). The Court therefore dismisses Plaintiff's claims against DOCCS, Annucci, and Bruen as frivolous under the doctrine of Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

15

**E. Plaintiff's Claims Against the District Attorney Defendants**

To the extent that Plaintiff alleges claims against the Office of the Kings County District Attorney, the claims are dismissed, as a district attorney's office is not a suable entity. *See, e.g.*, *Barreto v. Cty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) (summary order) (finding a district attorney's office is "not an entity capable of being sued" (citing *Ying Jing Gan v. City of New York*, 996 F.2d 522, 535–36 (2d Cir. 1993))); *Harvey v. Queens County D.A.*, No. 18-cv-5373, 2020 WL 837357, at *1–3 (E.D.N.Y. Feb. 20, 2020) (same).

Moreover, prosecutors are entitled to absolute immunity for their acts that are intimately associated with the judicial phase of the criminal process and their role as advocates. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) ("[P]rosecutorial actions that are intimately associated with the judicial phase of the criminal process ... are absolutely immune from liability in § 1983 lawsuits."); *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) ("Absolute immunity bars § 1983 suits against prosecutors for their role 'in initiating a prosecution and in presenting the State's case.'" (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976))).

Here, Plaintiff alleges that Assistant District Attorney Anna Nicolzzi and former Kings County District Attorney Charles J. Hynes conspired to present perjured testimony. (Compl. at 46-47.)  Plaintiff further alleges that Assistant District Attorney John Gianatti Jr., Joyce Slevin and Leonard Joblove fabricated evidence and coerced witnesses.  (*Id.* at 50.)  Even if true, prosecutors engaged in this advocacy-related action -- allegedly presenting perjured testimony -- are entitled absolute immunity.  *See Shmueli v. City of New York*, 424 F.3d 231, 237 (2d Cir. 2005) (holding that "[a] prosecutor is entitled to absolute immunity despite allegations of his knowing use of perjured testimony" (citation, quotation marks, and alterations omitted)); *Brown v. County of Kings*, No. 19-cv-6755, 2020 WL 4431521, at *3 (E.D.N.Y. July 30, 2020) (dismissing claims against two prosecutors due to absolute immunity).  Accordingly, Plaintiff's claims against Charles J. Hynes, former District Attorney; Eric Gonzalez, current District Attorney;[3] and Assistant District Attorneys, Anna Nicolzzi, John Gianatti Jr., Joyce Slevin, and

---

[3]     A plaintiff cannot recover against a defendant under § 1983 solely on a theory of vicarious liability or *respondeat superior. See, e.g., Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*."). Plaintiff fails to allege the personal involvement of Eric Gonzalez, thus the claims against him are dismissed.

Leonard Joblove are dismissed for failure to state a claim.  *See* 28 U.S.C. § 1915A(b).

In addition, Plaintiff alleges that Vincent Harris, Gerrard Baker, and Carey Yu, who are alleged to be media services technicians with the Kings County District Attorney office tampered with evidence in his case.  (Compl. at 17-18.) Plaintiff fails to allege sufficient, plausible facts in support of his claim and thus his claims against employees of the Kings County District Attorney's Office are dismissed.  *See* 28 U.S.C. § 1915A(b).

### F. Plaintiff's Claims Against the Trial Witnesses

Plaintiff alleges that trial witnesses Steven Vaiselberg, Helena Janssen, and John Fima conspired with the District Attorney's office "to perpetrate a Fraud upon the United States Government and injure Plaintiff."  (Compl. at 25-26.) Trial witnesses have absolute immunity with respect to any § 1983 claims arising from their testimony, even if it is alleged that such testimony was perjured.  *See Briscoe v. LaHue*, 460 U.S. 325, 335-36 (1983) (affirming dismissal of § 1983 claims arising from police officers' perjurious testimony during trial); *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (holding that the plaintiff's due process claim was barred because the defendant, as a witness, was absolutely immune from liability for the

18

evidence he furnished in the proceeding at issue); *Grant v. Cafferri*, No. 19-cv-2148, 2019 WL 6526007, at *9 (E.D.N.Y. Dec. 4, 2019) (dismissing § 1983 claims against trial witnesses due to witness immunity).  Accordingly, Plaintiff's claims based on the trial testimony of Vaiselberg, Janssen, and Fima fail to state a claim upon which relief may be granted and are dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B).

### G. Plaintiff's Claim Against his Defense Attorney

Plaintiff brings suit against John S. Stella, the criminal defense lawyer who represented him at the time of his 2004 criminal trial.  Public defenders such as Legal Aid attorneys, court-appointed counsel, and private attorneys, however, do not act under the color of state law merely by virtue of their position.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 318-19 (1981) (holding that public defenders do not act "under color of state law" and therefore are not subject to suit under 42 U.S.C. § 1983); *Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004); *Shorter v. Rice*, No. 12-cv-0111, 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position.").  Therefore, Plaintiff's §

1983 claims against John S. Stella are dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

### H. Plaintiff's Claims Against the Police Officers

Plaintiff alleges that Police Officers Frank Byrne, Chriss Thompkinson, Robert Sommers, and C. Platt violated his rights by collectively conspiring and tampering with evidence which led to his conviction.[4]  Plaintiff's claims are barred by the favorable termination rule set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994), which holds that a state prisoner's § 1983 action is barred, no matter the relief sought (damages or equitable relief), if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  To the extent that Plaintiff seeks to argue that he was falsely arrested and denied a fair trial by the actions of the Officers, his claims call into question the validity of his conviction, and because his conviction has not been overturned or otherwise

---

[4]     The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)).  In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5).  Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).  Plaintiff's claims accrued in 2003 and 2004 when he was arrested and subsequently prosecuted and appear to be time-barred.

invalidated, the favorable termination rule bars these § 1983

claims.  *See* 28 U.S.C. § 1915A(b).

Finally, Plaintiff's vague and conclusory allegations

that the Officers engaged in a conspiracy to violate Plaintiff's

constitutional rights must be dismissed.  *See Ciambriello v.*

*County of Nassau,* 292 F.3d 307, 325 (2d Cir. 2002) (dismissing

conspiracy allegations where they were found "strictly

conclusory"); *see also Walker v. Jastremski,* 430 F.3d 560, 564 n.

5 (2d Cir. 2005) ("[C]onclusory or general allegations are

insufficient to state a claim for conspiracy under § 1983."

(citing *Ciambriello*)); *Sommer v. Dixon,* 709 F.2d 173, 175 (2d

Cir. 1983) ("A complaint containing only conclusory, vague, or

general allegations of conspiracy to deprive a person of

constitutional rights cannot withstand a motion to dismiss.");

*Castro v. Simon*, No. 17-cv-6083, 2019 WL 136692, at *4 (E.D.N.Y.

Jan. 7, 2019).

"A *pro se* complaint 'should not be dismissed without

the [c]ourt's granting leave to amend at least once when a

liberal reading of the complaint gives any indication that a

valid claim might be stated.'" *Grullon v. City of New Haven*, 720

F.3d 133, 139 (2d Cir. 2013) (alterations omitted) (quoting

*Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).  Although

"court[s] should freely give leave [to amend] when justice so

requires," Fed. R. Civ. P. 15(a)(2), "[l]eave to amend may properly be denied if the amendment would be 'futile,' " *Grullon*, 720 F.3d at 140 (alteration omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies . . . ." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224–25 (2d Cir. 2017) (citing *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)). Here, leave to amend is denied as futile due to the numerous legal deficiencies described above.

**Conclusion**

For the foregoing reasons, Plaintiff's complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's request for injunctive relief is denied as moot.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully requested to enter judgment in favor of defendants, close the case, mail a copy of this Memorandum and Order and the Judgment to Plaintiff, and note service on the docket.

SO ORDERED.

            /s/

            KIYO A. MATSUMOTO
            United States District Judge
            Eastern District of New York

Dated:   Brooklyn, New York
        March 24, 2021